UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

DON BLANKENSHIP,

      Plaintiff,

v.                            Civil Action No. 2:19-cv-00236

Fox News Network, LLC, et al.

      Defendants.


DON BLANKENSHIP,

      Plaintiff,

v.                            Civil Action No. 2:20-cv-00278

NBCUNIVERSAL, LLC, et al.,

      Defendants.


DON BLANKENSHIP,

      Plaintiff,

v.                            Civil Action No. 2:19-cv-00589

BOSTON GLOBE MEDIA PARTNERS, LLC
d.b.a. THE BOSTON GLOBE, et al.

      Defendants.


<u>ORDER</u>

      Pending in the above-styled actions are the moving
defendants' motions to modify case schedule (ECF 1056; ECF 67;

ECF 86[1]), filed December 7, 8, and 9 2021.[2]  Plaintiff Don
Blankenship responded in opposition (ECF 1057) on December 9,
2021, to which the moving defendants replied on December 16,
2021.[3]

The moving defendants request that the schedule in
these matters be extended by ninety (90) days to allow
additional time for the disposition of the pending summary
judgment motions before the parties must address the upcoming
pretrial deadlines.  See ECF 1506.  They aver that the requested
extension will best serve judicial economy and efficiency.  Id.

Mr. Blankenship responds that "although no
postponement of the respective case schedule deadlines is

---

[1]  The motion in the Boston Globe matter is titled
"Defendant's Motion to Continue Trial and Modify Scheduling
Order with Supporting Memorandum."  See ECF 86.

[2] The moving defendants consist of thirteen named defendants
in the Fox News case (35th Inc.; Mediaite, LLC; Fiscal Note,
Inc.; Tamar Auber; Griffin Connolly; Eli Lehrer; The Charleston
Gazette-Mail (HD Media, LLC); American Broadcasting Companies,
Inc.; Cable News Network, Inc; Fox News Network, LLC; MSNBC
Cable, LLC; WP Company, LLC; and News & Guts, LLC), the two
named defendants in the NBC case (NBCUniversal, LLC, and CNBC,
LLC), and defendant Boston Globe Media Partners in the Boston
Globe case.  For simplification, the court will cite to the ECF
numbers in the Fox News action throughout this order.

[3] The court notes that Mr. Blankenship filed no response to
the Boston Globe's motion.  Nonetheless, the Boston Globe
asserts largely the same contentions in support of its motion as
the other moving defendants.

justified under the circumstances, a shorter deferment of not
more than thirty (30) days is more appropriate if the District
Court is inclined to modify the case schedule."  ECF 1057 at 2.
He contends that a third extension of the schedules will result
in additional litigation expenses for him and continue to
negatively affect his "business and political opportunities"
inasmuch as "he remains in a false light before the public every
day that the disposition of this case is delayed."  Id. at 3.
He further notes that under the current schedule, the trial will
be held more than three years after the filing of these cases
and nearly four years after the alleged defamatory publications.
Id.

        Lastly, he asserts that the moving defendants'
contention that they may incur burdensome or unnecessary trial
preparation costs if the requested extension is denied is
disingenuous given that "the aggregate market capitalization of
the major Media Defendants' parent companies is more than a
trillion dollars" and thus "the cost of trial preparation for
them is insignificant."  Id.   Mr. Blankenship requests that
their motion be denied or, alternatively, that the extension be
limited to no more than thirty (30) days.  Id.  The court notes
that the bulk of Mr. Blankenship's contentions have been
thoroughly addressed and rejected in its previous two orders

granting the moving defendants' motions to modify the schedules in these actions.  See ECF 984, 1018.

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); see also LR Civ P 16.1(f)(1).  The court finds that the moving defendants have shown good cause to modify the scheduling orders.  While these actions may not entirely resolve on summary judgment, the dispositive motions may result in the dismissal of at least some of the claims and thus reduce the complexity of trial preparation for both sides.  Moreover, the proposed modification will not only conserve resources for the moving defendants but also Mr. Blankenship.  Nonetheless, the court agrees with Mr. Blankenship that the requested extension of ninety (90) days is unnecessary.  The court concludes an extension of sixty (60) days to be sufficient.

Accordingly, for good cause shown, the court ORDERS that the moving defendants' motions (ECF 1056; ECF 67; ECF 86) be, and hereby are, GRANTED AS MOULDED.  It is further ORDERED that the remainder of these cases shall proceed as follows:

| Deadline | Date |
|---|---|
| Settlement meeting | 03/07/2022 |
| Motion in limine deadline | 03/21/2022 |
| Responses for motions in limine | 03/28/2022 |

| | | |
|---|---|---|
| Proposed pretrial order to defendant | 03/21/2022 | |
| Integrated pretrial order | 04/04/2022 | |
| Pretrial conference | 04/22/2022 | 2:00 PM |
| Proposed jury charge | 05/31/2022 | |
| Final settlement conference | 06/13/2022 | 2:00 PM |
| Trial | 06/14/2022 | 9:30 AM |

With the exception of the above modifications, the requirements and directives of the original scheduling orders shall remain in full force and effect.

The Clerk is directed to transmit copies of this order to all counsel of record and to any unrepresented parties.

ENTER: January 6, 2022

John T. Copenhaver, Jr.
Senior United States District Judge