```
        UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF WEST VIRGINIA
              AT CHARLESTON
```

**DON BLANKENSHIP,**

      Plaintiff,

v.                              Civil Action No. 2:20-cv-000278

**NBCUNIVERSAL, LLC,**
**CNBC, LLC, and**
**DOES 1-50 INCLUSIVE,**

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is the proposed bill of costs (ECF No. 77) filed by defendants NBCUniversal, LLC ("NBC") and CNBC, LLC ("CNBC") on March 4, 2022. The costs sought total $8,934.35, all of which is related to deposition transcripts except for $100.00 in "pro hac vice" fees.

On March 16, 2022, plaintiff filed a memorandum (ECF No. 78) objecting to defendants' proposed bill of costs. Defendants filed a response (ECF No. 81) in opposition to plaintiff's objections on March 23, 2022. Plaintiff filed an omnibus reply (ECF No. 82) in support of his memorandum on March 28, 2022.

I.  Background

On February 2, 2022, the court granted defendants' motion for summary judgment and dismissed the action.  ECF No. 72.  On February 24, 2022, plaintiff appealed the order of judgment to the Fourth Circuit.  ECF No. 74.  Plaintiff then moved the court to stay the taxing of costs pending resolution of his appeal.  ECF No. 78 at 6.  Thereafter, the court entered an order granting plaintiff's motion to stay taxing of costs, ECF No. 88, recognizing that judicial economy would be best served by staying taxation of costs pending the outcome of plaintiff's appellate proceedings.  ECF No. 88 at 2-3.

The Fourth Circuit affirmed this court's order of judgment on February 22, 2023.  See ECF No. 83.  The United States Supreme Court denied plaintiff's petition for writ of certiorari on October 11, 2023.  See ECF No. 90.  The court entered an order directing the stay be lifted on December 1, 2023.  ECF No. 91.

In a related but separate action, five other defendants sought costs related to witness deposition transcripts that included the deposition of the plaintiff, Don Blankenship.  See Blankenship v. Fox News Network, LLC, No. 2:19-CV-00236 (S.D.W. Va. Oct. 29, 2025) ("Blankenship I").  Mr. Blankenship's two-day deposition in that case was explicitly

2

consolidated with his deposition in this case, pursuant to an agreed upon stipulation between the parties. ECF No. 45 at ¶ 3. One of the defendants seeking costs in that case, MSNBC, split the costs of Mr. Blankenship's deposition evenly with the defendants, NBC and CNBC, in this case. ECF No. 77 at 3, n.2. The other half of these costs are the entirety of costs defendants seek to recover here, except for the $100.00 in "pro hac vice" fees. See id.

## II.  Governing Standards

Federal Rule of Civil Procedure 54(d)(1), entitled "Costs Other than Attorney's Fees," provides in part:

> Unless a federal statute, these rules, or a court order provides otherwise, costs -- other than attorney's fees -- should be allowed to the prevailing party.

Fed. R. Civ. P. 54(d)(1). This rule "gives rise to a 'presumption that costs are to be awarded to the prevailing party[,]'" subject to the discretion of the district court. Cherry v. Champion Int'l Corp., 186 F.3d 442, 446 (4th Cir. 1999).

The expenses which may be taxed are set forth in 28 U.S.C. § 1920 (2004), as noted below. See Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 441–42 (1987) (stating

that section 1920 sets forth the expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)).

The party opposing the imposition of costs must "show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party." Ellis v. Grant Thornton LLP, 434 F. App'x 232, 235 (4th Cir. 2011) (citing Teague v. Bakker, 35 F.3d 978, 996 (4th Cir. 1994)).

Moreover, the Fourth Circuit has stated that the district court "may not depart from the normal practice of awarding fees to the prevailing party [who has requested costs] without first articulating some good reason for doing so." Oak Hall Cap & Gown Co. v. Old Dominion Freight Line, Inc., 899 F.2d 291, 296 (4th Cir. 1990); see Constantino v. Am. S/T Achilles, 580 F.2d 121, 122-23 (4th Cir. 1978) (reversing the district court's denial of costs where the district court stated no reason for its action).

An award of costs should be entered if a listed expense is authorized by statute and reasonably necessary to the litigation. LaVay Corp. v. Dominion Fed. Sav. & Loan Ass'n, 830 F.2d 522, 528 (4th Cir. 1987).

4

The United States Supreme Court has cautioned that "taxable costs are limited by statute and are modest in scope." Taniguchi v. Kan Pac. Saipan, Ltd., 566 U.S. 560, 573 (2012).

### III.   Analysis

Pursuant to 28 U.S.C. § 1920, to the extent pertinent here, a judge may tax as costs:

> (1) Fees of the clerk and marshal; [and]
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case . . . .

28 U.S.C. § 1920(1)-(2).

### A.   Fees of the Clerk

Defendants seek costs of $100 for "pro hac vice" fees, $50 for Kevin Shook and $50 for Ryan Goellner.  ECF No. 77 at 3, n.2.

Plaintiff opposes the request, arguing that, although section 1920(1) allows courts to tax "fees of the clerk," section 1914 suggests the clerk may collect additional fees aside from the filing fee "only as are prescribed by the Judicial Conference of the United States."  Pl.'s Mot., ECF No. 78 at 9-10 (quoting 28 U.S.C. § 1914(b)).  Further, plaintiff argues, because visiting attorney fees are neither expressly

5

stated by statute nor mentioned in the Judicial Conference Schedule of Fees, they should not be considered taxable costs. Id.

In accordance with the result reached by the court in the above-mentioned related case in which five defendants sought costs of the same type, and inasmuch as pro hac vice fees — defined in this District as visiting attorney fees — are not mentioned in the Judicial Conference Schedule of Fees, the court concludes that section 1920(1) does not allow for an award of pro hac vice fees as taxable costs. See Blankenship I at 8–13. Accordingly, visiting attorney fees are not recoverable as "fees of the clerk" under section 1920(1), and defendants' costs are denied by $100.00.

B. Transcript Costs

Defendants NBC and CNBC seek transcript costs, totaling $8,834.35, for the two-day deposition of plaintiff. See ECF No. 77 at 3. The costs amount to the second half of the costs MSNBC paid and requested for plaintiff's deposition in Blankenship I. See ECF No. 77 at 3, n.2.

Plaintiff's objections to the transcript costs requested in this case are identical to the objections he made to MSNBC's request for the first half of the costs of

plaintiff's two-day deposition transcripts. Compare Pl.'s Mot., ECF No. 78 (arguing that various requested transcript costs were incurred for the mere convenience of counsel — and thus are not taxable), with Blankenship I at 20–21 (summarizing plaintiff's argument that various requested transcript costs allegedly incurred for the mere convenience of counsel were not taxable). Likewise, defendants' justifications of the costs in this case are identical to MSNBC's justifications of the first half of the costs of plaintiff's two-day deposition transcripts. Compare Def.'s Opp'n, ECF No. 81, with Blankenship I at 35–52.

Further, the remote deposition protocol present in Blankenship I, which plaintiff agreed upon, applied to plaintiff's deposition in this case by joint stipulation between the parties. See ECF No. 45 at ¶ 3 (consolidating plaintiff's deposition in both cases).

Generally, transcript deposition costs are taxable if their incurrence was reasonably necessary rather than for the mere convenience of counsel. See Cherry, 186 F.3d at 449; Francisco v. Verizon S., Inc., 272 F.R.D. 436, 444 (E.D. Va. 2011); Colosi v. Jones Lang LaSalle Americas, Inc., 781 F.3d 293, 295 (6th Cir. 2015); Assocs. Against Outlier Fraud v. Huron Consulting Grp., Inc., 817 F.3d 433, 437–38 (2d Cir. 2016). The prevailing party bears the initial burden of showing their

7

requested costs are allowable under 28 U.S.C § 1920.  <u>Francisco</u>, 272 F.R.D. at 441.  After such a showing, the burden shifts to the non-prevailing party to "identify any impropriety of taxing the proposed costs."  <u>Id.</u>

In accordance with the result reached by the court in <u>Blankenship</u> I, the following table depicts reasonably necessary taxable costs that are granted and untaxable costs that are denied, all in keeping with the rationale of <u>Blankenship</u> I:

| Cost | Amount | Granted | Denied |
|---|---|---|---|
| Expedited Transcript Day 1 | $2,202.46 | X | |
| Expedited Transcript Day 2 | $1,363.50 | X | |
| Evening/Early AM Pages | $ 198.00 | X | |
| Transcript Rough Draft | $ 969.76 | | **X** |
| Realtime Transcription | $ 782.28 | X | |
| Mini/Condensed Transcript | $ 29.00 | | **X** |
| Exhibits | $ 354.38 | X | |
| E-bundle/Lit Support Package | $ 47.50 | | **X** |
| Reporter Appearance Fee | $ 39.00 | X | |
| Document Technician Fee | $ 275.00 | X | |
| LegalView Platform Fees | $ 528.50 | X | |
| Processing and Handling | $ 90.00 | | **X** |
| DVD/MPEG Conversion | $ 690.00 | X | |
| Text-to-Video Synchronization | $1,265.00 | | **X** |
| Total Requested | $8,834.35 | | |
| Less Denied | $2,401.26 | | |
| **Total Granted** | **$6,433.09** | | |

IV.   Conclusion

For the reasons stated above, the plaintiff's objections to defendants' bills of costs are SUSTAINED IN PART and OVERRULED IN PART. Pursuant to Federal Rule of Civil Procedure Rule 54(d)(1), Local Rule of Civil Procedure 54.1, and

28 U.S.C. Section 1920, the court taxes plaintiff total costs of $6,433.09 and denies the remainder of $2,501.26.

It is so ORDERED.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: October 29, 2025

John T. Copenhaver, Jr.
Senior United States District Judge